| | |
|---|---|
| Joshua B. Swigart (SBN 225557) | Daniel G. Shay (SBN 250548) |
| Josh@SwigartLawGroup.com | DanielShay@TCPAFDCPA.com |
| **SWIGART LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| 2221 Camino del Rio S, Ste 308 | 2221 Camino del Rio S, Ste 308 |
| San Diego, CA 92108 | San Diego, CA 92108 |
| P: 866-219-3343 | P: 619-222-7429 |

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MOORE, JR., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. '22CV2023 L    MSB<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT, CAL. PEN. CODE 637.3 *ET SEQ.*<br><br>JURY TRIAL DEMANDED |

Class Action Complaint

## INTRODUCTION

1. Plaintiff Gregory Moore, Jr. ("Plaintiff"), on behalf of Plaintiff and a Class of similarly situated individuals defined below, bring this Class Action Complaint and Demand for Jury Trial against Defendant Progressive Casualty Insurance Company ("Defendant") to put an end to its unlawful use, examination, and recording of Plaintiff's and putative Class members' biometric voice prints. Plaintiff, for this Class Action Complaint, alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief.

2. Defendant utilizes a system that enables it to examine the voice of anyone that calls it to determine the truth or falsity of the callers' statements. The software combines audio, voice, and artificial intelligence technologies to compare the callers' voices to a comprehensive database of recordings and metrics.

3. The system Defendant uses allows it to authenticate or refute the true identity of callers, among other things. The system contains voice recognition software that creates a biometric voice print of each caller. The system then allows Defendant to analyze the callers' voice prints to determine the truth or falsity of their statements.

4. Defendant does this for anyone that calls it, including Plaintiff and Class members.

5. Recognizing the need to protect its residents from situations like these, California enacted the California Invasion of Privacy Act ("CIPA"), and specifically Cal. Pen. Code § 637.3, to regulate entities that examine or record California residents' voice prints or voice stress patterns without obtaining the residents' express written consent first.

6. Despite this law, Defendant disregards California residents' statutorily protected privacy rights and unlawfully examines or records their voices in violation of CIPA. Specifically, Defendant has violated (and continues to violate) CIPA because it uses a system which examines or records California residents' "voice prints or voice stress patterns… to determine the truth or falsity of statements" without their express

1

written consent.

## PARTIES

7. Plaintiff is a natural person and resident of the State of California and the County of San Diego.

8. Defendant is, and at all times mentioned herein was, an Ohio entity with its principal place of business located in Ohio.

9. At all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one Class member belonging to a different state than Defendant, an Ohio Corporation with its principal place of business in Ohio.

11. This court has personal jurisdiction over Defendant because Defendant conducts business in this State and within this judicial district and the conduct alleged in this Complaint occurred in, or emanated from, this State and within this judicial district. Additionally, Plaintiff resides in this judicial district.

12. Plaintiff requests statutory damages of $1,000 per violation of Cal. Penal Code §637.3, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction under CAFA.

13. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

14. Because Defendant conducts business within the State of California, personal jurisdiction is established.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims took place within this District.

Class Action Complaint

# BACKGROUND

## I. The California Invasion of Privacy Act

16. The California Legislature enacted the CIPA to protect certain privacy rights of California residents. The legislature expressly recognized that devices and techniques which create a serious threat to privacy and the free exercise of personal liberties cannot be tolerated in a free and civilized society.

17. As part of the Invasion of Privacy Act, the California Legislature introduced Penal Code § 637.3. The purpose of the legislation was to prohibit any person or entity from using;

> "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the examination or recordation."

Cal. Pen. Code § 637.3(a).

18. Creating a voice print requires extracting an individual's phonetic features (including their unique speech patterns, tones, and other characteristics) from their voice. As such, a voice print serves as an audible "fingerprint" which can directly identify an individual and can even reveal the speaker's behavioral traits.

19. The California Legislature intended to protect individuals from the unauthorized examination and recording of their voice prints, especially when it takes place without an individual's knowledge or consent. Such surreptitious examination poses a serious threat to California residents' privacy and personal liberties.

20. Individuals may bring an action against the violator of this section of CIPA to recover actual damages or $1,000 for each violation, whichever is greater under Cal. Penal Code § 637.3(c).

## II. Defendant Violated the California Invasion of Privacy Act

21. Defendant integrated voice recognition and machine learning into all its call centers.

22. On its website, Defendant states it collects Biometric Information, "which

means a Consumer's physiological, biological or behavioral characteristics used or intended for use singly or in combination with each other or other identifying data to establish individual identity."[1]

23. When a consumer calls Defendant's customer service number, Defendant's system states; "You can speak to me in complete sentences, how can I help you?"

24. Defendant recognizes consumers' identities by (1) making a recording of the initial call with the consumer (2) examining that recording to identify specific stress patterns and other characteristics to create a "voice print" which is entered into a database then (3) examining all subsequent calls from that consumer and comparing the voice prints to those already on file for that consumer.

25. Defendant determines the truth or falsity of caller statements, such as their claimed identity, by examining acoustic features of their speech that differ between individuals. The acoustic patterns reflect both anatomy and learned behavioral patterns. The properties examined include voice characteristics such as vocal tone, phonation, cadence, inflection, pitch, volume etc. Defendant's system uses the full audio of a call and analyzes unique acoustic and behavioral features of a caller's voice, including stress patterns to determine truth or falsity of statements.

26. Defendant's system works in the background as consumers speak with Defendant's representatives. It analyses the consumers' normal conversation and does not use any passwords. Accordingly, consumers are not aware that the system is monitoring and analyzing their voice prints.

27. The system Defendant uses is very similar to a polygraph test. Such a system is exactly what the California Legislature chose to regulate when it made it unlawful to use without express written consent.

28. Defendant did not obtain prior express written consent from Plaintiff or Class members to examine their voices or record their unique voice prints to determine

---

[1] https://www.progressive.com/privacy/#types

4

Class Action Complaint

the truth or falsity of their statements, in violation of Cal. Penal Code § 637.3.

29. Over the last year and beyond, Plaintiff has called Defendant to discuss insurance.

30. Starting with the first call, Defendant began examining and analyzing Plaintiff's voice attempting to ascertain the truthfulness of Plaintiff's statements, *i.e.* the truth of Plaintiff's statements regarding Plaintiff's identity.

31. Defendant recorded Plaintiff's voice and created "voice prints" associated with Plaintiff.

32. Defendant then automatically input Plaintiff's voice prints into its biometric voice print database.

33. When Plaintiff subsequently called Defendant, Defendant utilized a system that examined Plaintiff's voice again and compared them to the voice prints it stored in its database from previous calls. Defendant did this to determine the truth or falsity of Plaintiff's statements, including to determine Plaintiff's true identity.

34. Plaintiff has called Defendant on numerous occasions since Defendant began utilizing its voice analysis system. During at least one of the calls, Defendant examined and recorded Plaintiff's voice prints and voice stress patterns, without Plaintiff's knowledge.

35. Plaintiff did not give consent – written or otherwise – to Defendant to collect Plaintiff's voice prints and examine Plaintiff's voices for any purpose whatsoever.

**STANDING**

36. Defendant's conduct constituted invasions of privacy because it disregarded Plaintiff's statutorily protected rights to privacy, in violation of CIPA.

37. Defendant caused Plaintiff to (1) suffer invasions of legally protected interests. (2) The invasions were concrete because the injuries actually existed for Plaintiff and continues to exist every time Plaintiff calls Defendant. The privacy invasions suffered by Plaintiff and the Class were real and not abstract. Plaintiff has a

statutory right to be free from voice examination without first providing express written consent. The voice examinations Defendant performed were meant to determine truth or falsity of statements, similar to a polygraph test. Plaintiff was completely unaware Plaintiff was subject to such a test. Plaintiff's injuries were not divorced from concrete harm in that privacy has long been protected in the form of trespassing laws and the Fourth Amendment of the U.S. Constitution for example. Like here, an unreasonable search may not cause actual physical injury, but is considered serious harm, nonetheless. (3) The injuries here were particularized because they affected Plaintiff in personal and individual ways. The injuries were individualized rather than collective since Plaintiff's unique voice was examined without consent during different calls on separate occasions. (4) Defendant's past invasions were actual and future invasions are imminent and will occur next time Plaintiff calls Defendant. Defendant continues to examine voices in California without express written consent. A favorable decision by this court would redress the injuries of Plaintiff and the Class.

## TOLLING

38. Any applicable statute of limitations has been tolled by the "delayed discovery" rule. Plaintiff did not know (and had no way of knowing) that Defendant surreptitiously created and examined Plaintiff's voice prints because Defendant did not advise Plaintiff or seek consent. It was not until late 2022 when Plaintiff discovered that Defendant recorded and examined Plaintiff's voice print and stress patterns.

## CLASS ACTION ALLEGATIONS

39. **Class Definition**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23 and on behalf of Plaintiff and a Class defined as follows:

> All individuals who, within the State of California, had their voice prints or other voice stress patterns examined or recorded by Defendant as part of its voice print system.

40. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant,

Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

41. **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but Defendant is a very large entity with millions of customers in the United States and California. Members of the Class will be easily identified through Defendant's records.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant used a system which examined, or recorded Plaintiff's and the Class's voice prints or voice stress patterns;
   b. Whether Defendant examined voice prints or voice stress patterns to determine the truth or falsity of statements made by Plaintiff and the Class and;
   c. Whether Defendant obtained prior express written consent from Plaintiff and the Class members.

43. **Typicality**: Plaintiff's claims are typical of the claims of all the other members of the Class. Plaintiff and the Class members sustained substantially similar injuries as a result of Defendant's uniform wrongful conduct, based upon the same interactions with Defendant that were made without exception as to Plaintiff and the Class.

///

44.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest adverse to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest contrary to those interests of the Class.

45.     **Superiority**: This case is appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damage suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of Cal. Penal Code § 637.3**
**(On Behalf of Plaintiff and the Class)**

46.     Cal. Penal Code § 637.3 prohibits any person or entity in this state from using "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such person without his or her express written consent given in advance of the

examination or recordation."

47. Defendant is a corporation and therefore an "entity" under CIPA.

48. Defendant is "in this state" because Defendant has offices in San Diego County, one of which located at 4287 El Cajon Blvd, Unit 836, San Diego, CA 92105, so Defendant conducts business in California and is registered in California. Similarly, Defendant examines or records Plaintiff's and the Class's voice prints or other voice stress patterns within California.

49. Defendant utilizes software that creates a "system" under CIPA because it examines or records Plaintiff's and the Class's voice prints or other voice stress patterns.

50. Defendant utilized the system on Plaintiff and Class members when they spoke with Defendant on phone lines that were connected to the system.

51. Defendant examined or recorded Plaintiff's and Class members' voice prints to determine the truth or falsity of their statements, especially their statements about who they claimed to be.

52. Defendant did not obtain prior express written consent from Plaintiff or Class members to use, examine, or record their voice prints or voice stress patterns for any purpose whatsoever.

53. On behalf of Plaintiff and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CIPA's requirements for the use, recording, and examination of voice prints or other voice stress patterns as described herein; and (2) damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Plaintiff and the Class, respectfully requests this Court to enter an order:

A. Certifying this case as a class action on behalf of the Class defined above pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as the

representatives of the Class, and appointing Plaintiff's counsel as Class Counsel;

B. Declaring that Defendant's actions, as described above, violated CIPA;

C. Awarding statutory damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c);

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgement interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**SWIGART LAW GROUP**

Date:  December 20, 2022

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiff

**LAW OFFICE OF DANIEL G. SHAY**

Date:  December 20, 2022

By: *s/ Daniel Shay*
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
Attorney for Plaintiff